IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL DOCKET NO.: 5:97CR1-V

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| SEAN LAMONT DUDLEY, | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon multiple post-conviction motions filed by Defendant challenging his conviction and sentence in the above-captioned action. (Documents ##118, 123, 125, 127, 130)

## I. Background

On July 11, 1997, Defendant Sean Lamont Dudley ("Dudley") entered "straight-up" guilty pleas to violations of 21 U.S.C. §§846, 841 and 18 U.S.C. § 2. Over objection, Dudley was sentenced as a career offender to a term of 360 months. Despite his guilty plea, Dudley later complained about the factual basis underlying his convictions and continued to dispute the career offender determination. Defendant was unsuccessful on direct appeal, as well as in his collateral attack pursuant to 28 U.S.C. §2255.[1]

In previous criminal and civil motions, Defendant has sought fervently to advance his cause by making known to the Court his efforts towards rehabilitation, his desire and ability to secure legitimate employment upon release, and his desire to be with his family. As far back as 2003, following denial of his Motion to Vacate by the undersigned, Defendant essentially asked the Court to recognize *any basis for downward departure* available to the Court. While Defendant's filings are

---

[1] For a more detailed factual background and procedural history, see the Court's March 27, 2002 Order denying Defendant's Motion to Vacate, Set Aside or Correct Sentence. (Document #99 / or see 5:99CV152)

undoubtedly sincere, at some point, final judgment must be taken as final judgment.[2] *See* 18 U.S.C. §3582(b). It is against this backdrop that Defendant presents his latest *pro se* filings. (Document #103) Defendant's most recent filings are likewise without merit.[3]

## II. Discussion

### A. Motion for Recusal In Criminal Proceedings[4] (Document #125)

Defendant moves for recusal pursuant to 28 U.S.C. § 455. In United States v. Lentz, the Fourth Circuit recently explained that under Title 28, United States Code, Section 455:

> A motion for recusal should be granted if the judge's ***"impartiality might reasonably be questioned."*** However, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. And, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Even remarks made that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. The presiding judge is not ... required to recuse himself simply because of unsupported, irrational or highly tenuous speculation. Put simply, the proper test to be applied is whether another with knowledge of all the circumstances might reasonably question the judge's impartiality.

United States v. Lentz, 524 F.3d 501, 530 (4th Cir.2008) (*internal citations and quotations omitted*). Here, Dudley asserts that subject matter jurisdiction did not exist to prosecute him for the charged offenses. (*See*, *supra*, Section "c") According to Dudley, in denying Defendant's earlier

---

[2] Defendant has appealed this Court's rulings to the Fourth Circuit no fewer than three (3) times - each time without success.

[3] Defendant has also sought relief from the Fourth Circuit Court of Appeals via Petition for Writ of Mandamus pursuant to 28 U.S.C. §1651(a). (*See* In re Sean Lamont Dudley, COA No.: 09-1871). This is Dudley's second Petition for Writ of Mandamus as he first sought this relief in the civil habeas action after learning of another unfavorable ruling. (*See* In re Sean Lamont Dudley, COA No.: 08-1097).

[4] Defendant unsuccessfully sought recusal in his civil habeas action. (*See* Civil No.: 5:99CV152 / Document #50)

jurisdictional challenge,[5] the Court failed to "squarely address the structural defects that, are factually and jurisdictionally disabling to sustain the verdict of judgment ...." (Mot.to Recuse at 1) Pointing to what he perceives as suspect "inaction," Dudley suggests that the undersigned judge participated in a "conspiracy alleged to defraud the petitioner[Dudley] of his physical liberty interest." (Mot.to Recuse at 3) However, because Defendant's claim of alleged impartiality is based entirely on the adverse rulings issued by the undersigned, as opposed to any reasonable claim of potential bias, the motion is not well taken.

### B. Motion Requesting Recall of Mandate In Civil Habeas Action (5:97CR1 / Document #118)

As noted, Dudley has filed a host of post-conviction motions since direct appeal. One such motion, presented in his civil habeas action as a *pro se* motion pursuant to Federal Rule of Civil Procedure 60(b), was construed as a successive Section 2255 petition and denied by this district court. (See Civil No.: 5:99CV152 / Document #35) Within the civil case, Defendant appealed the dismissal and the Fourth Circuit affirmed. (Document #43) Dudley then petitioned the Fourth Circuit for rehearing *en banc* and the petition was denied. (Document #46) The mandate issued on May 11, 2007, which effectively concluded the appellate review process as to that decision. (Document #48) Defendant's basis for seeking recall of the mandate is somewhat duplicative of his previous §2255 motion in that Dudley contends that his guilty pleas 1) should not have been accepted by the Court due to an alleged inadequate factual basis regarding *mens rea*; or 2) that he should have been allowed to withdraw his guilty plea. In the instant motion, Dudley asks the district court to insert itself into the appellate process which stems from the civil case and is now complete. This Court has no authority to grant the relief Defendant seeks. This motion must be <u>denied</u>.

---

[5] Defendant presented a lack of jurisdiction argument in his original §2255 filing.

### C.  Motion to Dismiss Indictment (Document #123)

The Constitution guarantees an accused the right to be tried where the crime was allegedly committed.[6]  *See* U.S. Const., Art. III, §2; U.S. Const. Amend. VI.  It is well settled that "a conspiracy may be prosecuted in *any* district in which the agreement was formed *or* in which an act in furtherance of the conspiracy was committed." United States v. Gilliam, 975 F. 2d 10150, 1057 (4th Cir. 1992); United States v. Martinez, 901 F. 2d 374, 376 (4th Cir.1990)("When a conspiracy is formed in one district and overt acts are done in furtherance of it in other districts, . . . venue may be laid for prosecution of all the conspirators in any one of those districts.")  In addition, if an offense is committed in more than one district, venue is proper in any district where said offense was begun, continued, or completed.  18 U.S.C. § 3237(a).

Defendant moves to dismiss the indictment based upon "lack of venue."  In support of his "lack of venue" argument, Defendant contends that venue was lacking because the Government failed to prove the "essential element" of intent.[7]  Dudley insists "It was an essential element of the crimes charged that some piece of evidence present itself that, the petitioner or either one of his relatives cause[] to perform an act of intent to distribute a quantity of cocaine or perform an overt [act] of such that corresponded to effectuate the object of the charged offense." (Document #123 / Mem.in Supp., at 3)   Defendant states that Interstate 77 "was a thruway used as a[n] arbitrary network to travel from New York to elsewhere outside of the Western Dist[rict] of North Carolina" and that he had ***"no intent to stop, gather, or conduct any affairs in the [district]***."[8] (Document 123

---

[6] Because Defendant asserts a constitutional challenge to his conviction and sentence, this issue would be more appropriately considered in a habeas context (and could be construed as another attempt at relief pursuant to 28 U.S.C. §2255). Given the procedural history in this case, Defendant very likely understands these obstacles but elected to present the claim in any event.

[7] By tendering his guilty plea, Defendant waived his right to jury trial and, thereby, excused the Government of its burden to prove each and every essential element beyond a reasonable doubt.

[8] All Defendant accomplishes with this self-serving statement is to clarify that he did not intend to get "caught" in North Carolina.

/ Dudley Aff. ¶7)

The indictment alleged that the object of the conspiracy alleged in Count One, namely the possession of controlled substances with intent to distribute, or aiding and abetting the same, occurred in the Western District of North Carolina. Defendant was arrested by a North Carolina State Trooper on I-77 in North Carolina. At the time of his arrest, two (2) kilograms of cocaine were discovered within a hidden compartment in the vehicle. In light of these facts, it appears beyond dispute that an act in furtherance of the conspiracy was committed in the district. Furthermore, based upon the large quantity of drugs in Defendant's possession, intent to distribute could have reasonably been inferred. Defendant's possession of this quantity of cocaine in this district provided a proper basis for venue on both the conspiracy and substantive drug offense. Defendant's motion to dismiss is denied.

**D. Motion to Appoint Counsel (Document #127)**

In this motion, Defendant asks for court-appointed counsel for purposes of representing Defendant on the motions discussed herein. "The Sixth and Fourteenth Amendments to the Constitution assure the right of an indigent defendant to counsel at the trial stage of a criminal proceeding, ... and an indigent defendant is similarly entitled as a matter of right to counsel for an initial appeal from the judgment and sentence of the trial court." Murray v. Giarratano, 492 U.S. 1, 7-8 (1989) (*citing* Gideon v. Wainwright, 372 U.S. 335 (1963); Douglas v. California, 372 U.S. 353 (1963)). In short, Defendant has no federal constitutional right to counsel in the post-conviction setting. *See* Pennsylvania v. Finley, 481 U.S. 551, 556-57 (1987) (extending rule of law announced in Ross v. Moffitt, 417 U.S. 600, 610 (1974)). This motion is denied.

### III. Order

**IT IS, THEREFORE, ORDERED** that Defendant's Motions to Recuse, to Dismiss, to Appoint Counsel, and to Recall Mandate are hereby **DENIED;** and Defendant's Motion for Disposition of Matters Currently Stalled on Court Docket (Document #130) is also hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that any further frivolous, redundant or duplicative filings in this Court, whether filed by Defendant / Petitioner Dudley in the above-captioned criminal case or the related civil habeas action, will result in monetary sanctions.

Signed: January 20, 2010

Richard L. Voorhees
United States District Judge