IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DISVISION
5:99-CV-152-RLV
(5:97-CR-1-RLV)

| | | |
|---|---|---|
| SEAN LAMONT DUDLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on a review of motions filed by Petitioner. The Court construes these motions as an effort to attack Petitioner's underlying sentence and therefore examines Petitioner's argument as a claim for relief pursuant to 28 U.S.C. § 2255.[1] Rule 4(b) of the Rules Governing Section 2255 provides that sentencing courts are to examine motions to vacate, along with "any attached exhibits and record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief. After reviewing the motions and the record in this matter, the Court finds that Petitioner's Section 2255 motion should be denied and dismissed.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On February 23, 1998, Petitioner was sentenced to 360 months for conviction on Counts One and Two of his Indictment—Count One charged Petitioner with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846, and Count Two

---

[1] Petitioner's Rule 60 motions are simply efforts to attack the validity and length of his criminal sentence, and as such, his efforts must be read as a Section 2255 motion, despite Petitioner's obvious attempts to convince this Court otherwise. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (finding district courts must review Rule 60(b) motions to determine whether such motions are tantamount to a Section 2255 motion).

charged Petitioner with aiding and abetting the possession with intent to distribute the cocaine, in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2. (5:97-CR-00001, Doc. No. 72: Judgment in a Criminal Case; Doc. No. 109: Presentence Investigation Report ("PSR") at 1).

Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. On October 29, 1998, the Court filed an unpublished decision upholding Petitioner's conviction and sentence. <u>United States v. Dudley</u>, No. 98-4166 (4th Cir. filed Oct. 29, 1998) (unpublished).

Next, on September 27, 1999, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The Court found that Petitioner was not entitled to relief and denied and dismissed his § 2255 motion by Order entered March 27, 2002. (Doc. No. 24). Petitioner filed a notice of appeal to the Fourth Circuit. On September 23, 2002, the Court filed an opinion denying Petitioner relief. <u>Dudley v. United States</u>, No. 02-6735 (4th Cir. filed Sept. 23, 2002).

Undeterred, Petitioner mounted a prolonged campaign challenging his conviction and resulting sentence through motions for reconsideration of the trial court's decision denying and dismissing his Section 2255 motion. These motions were all denied as being without merit. Petitioner again appealed the denials of relief and the Fourth Circuit concluded that Petitioner had failed to make the requisite showing that he was entitled to any relief. <u>Dudley v. United States</u>, No. 06-7832 (4th Cir. filed Feb. 23, 2007). (Doc. No. 43).

In his latest effort to attack the criminal judgment entered in his case, Petitioner has filed motions for relief from judgment, (Doc. No. 58), and two motions to amend or correct his pleadings. (Doc. Nos. 59, 60). In these motions, Petitioner contends that recent case law from the Fourth Circuit entitles him to relief from his sentence which was handed down over fourteen

(14) years ago. For reasons discussed below, the Court finds that Petitioner's argument is foreclosed by Fourth Circuit precedent and he is therefore entitled to no relief.

## II. LEGAL DISCUSSION

Petitioner contends that the Fourth Circuit's holding in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), demonstrates that his prior state felony drug conviction did not qualify him for a Section 851 sentencing enhancement. Recent Fourth Circuit law forecloses this argument.

In his criminal case, the Government filed a notice pursuant to 21 U.S.C. § 851 informing Petitioner of its intention to seek enhanced penalties based on a prior felony drug conviction and a prior conviction for a violent felony. (5:97-CR-00001, Doc. No. 48; PSR ¶ 5). Petitioner pled guilty to Counts One and Two of his Indictment which were both violations of 21 U.S.C. § 841(a). Each count carried a minimum term of ten years imprisonment and a maximum term of no more than life imprisonment. <u>See</u> 21 U.S.C. § 841(b)(1)(A)(upon conviction of an offense under Section 841(a), a defendant "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life."). Petitioner was sentenced to 360 months imprisonment for conviction on Counts One and Two. (Doc. No. 67: Judgment in a Criminal Case).

In <u>Simmons</u>, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense under the [Controlled Substances Act], the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. <u>Simmons</u>, 649 F.3d at 243. In reaching this holding, the <u>Simmons</u> Court expressly overruled <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for

that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

In a Section 2255 proceeding, a petitioner can attack the legality of his sentence. 28 U.S.C. § 2255(a) provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or **that the sentence was in excess of the maximum authorized by law**, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(emphasis added).

Through the enactment of 21 U.S.C. § 841(b)(1)(A), Congress provided the Court with a defined range within which to sentence defendants upon conviction for violation(s) of Section 841(a). As noted above, even without consideration of a prior felony drug offense, the Court had the discretion to sentence Petitioner to a term of not less than ten years and not more than life imprisonment. Petitioner's term of 360 months was thus well within the authorized maximum sentence under Section 841(b)(1)(A). Accordingly, Petitioner is not entitled to relief in this Section 2255 proceeding. See United States v. Powell, ___ F.3d ___, 2012 WL 3553630, at *11 n.1 (4th Cir. 2012) (Judge King concurring in the judgment which held that Powell's challenge to his twenty-year term of imprisonment, which was based on a prior state drug conviction for which he was not sentenced to more than one year, must fail. The Court found that Powell's sentence should be upheld, notwithstanding the presence of the Government's Section 851 notice of intention to seek enhanced penalties, because Powell still received a sentence that was within the maximum allowed by law under § 841(b)(1)(A), namely, less than life imprisonment); see also United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999) ("Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.'").

Petitioner's remaining argument that his prior drug conviction which he sustained in New Jersey did not subject him to a term of incarceration of more than one year under Simmons can provide him with no relief. (5:99-CV-00152, Doc. No. 60-2 at 2-4). As discussed herein, Petitioner received a sentence within the maximum as authorized by law, with or without his designation as a Career Offender. This argument is overruled.

### III. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's sentence of 360 months for conviction on Counts One and Two of his Indictment was within the statutory maximum and accordingly, he has failed to demonstrate that he is entitled to relief through this Section 2255 proceeding.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED**. (5:99-CV-152, Doc. No. 58).

**IT IS FURTHER ORDERED** that Petitioner's Motions to Amend are **ALLOWED**. (Doc. Nos. 59, 60).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a

debatably valid claim of the denial of a constitutional right).

Signed: October 9, 2012

*[signature]*

Richard L. Voorhees
United States District Judge