IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-CV-00043-RLV
(5:97-CR-00001-RLV-1)

| | |
|---|---|
| SEAN LAMONT DUDLEY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of what Petitioner has labeled as a Rule 60(b) motion under the Federal Rules of Civil Procedure. For the reasons that follow, the Court finds that Petitioner's Rule 60(b) motion must be construed as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, and it will be dismissed as successive.

### I. BACKGROUND

On February 23, 1998, Petitioner was sentenced to concurrent terms of 360-months' imprisonment for conviction on two counts charged in an indictment returned by the Grand Jury for the Western District. In Count One, Petitioner was charged with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846, and Count Two charged Petitioner with aiding and abetting the possession with intent to distribute the cocaine, in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2. (5:97-CR-00001, Doc. No. 67: Judgment in a Criminal Case filed April 1, 1998; Doc. No. 109: Presentence Investigation Report (PSR at 1)).

Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. On October 29, 1998, the Court file a decision upholding Petitioner's conviction

1

and sentence. United States v. Dudley, 165 F.3d 20, 1998 U.S. App. LEXIS 27769 (4th Cir. 1998) (unpublished table decision). Petitioner did not seek a petition for a writ of certiorari from the Supreme Court of the United States.

Since his judgment became final in January 1999, Petitioner has filed a § 2255 motion that was dismissed on March 27, 2002 and affirmed on appeal and several motions to reconsider that this Court construed as unauthorized, successive § 2255 motions. (5:99-CV-00152-RLV). See United States v. Dudley, 46 F. App'x 188 (4th Cir. 2002), cert. denied, 538 U.S. 1047 (2003).[1]

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The relief Petitioner is seeking through a Rule 60(b) of the Federal Rules of Civil Procedure is effectively an order affecting his criminal judgment. This is the precise relief Petitioner attempted to secure through his initial § 2255 motion and his subsequent motions that this Court construed as successive § 2255 motions. Petitioner's effort to secure this relief through the present Rule 60(b) must fail. The district courts are instructed to "classify *pro se* pleadings

---

[1] The Court denied Petitioner's motions for relief from judgment in an order filed on October 9, 2012, after construing the motions as successive § 2255 petitions and the Fourth Circuit affirmed. See United States v. Dudley, 512 F. App'x 378 (4th Cir. 2013) (unpublished), cert. denied, 134 S.Ct. 359 (2013).

from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing United States v. Emmanuel, 288 F.3d 644, 647 (4th Cir. 2002)). Although Petitioner contends that this Court has failed to properly consider his arguments, this is just another way of expressing disagreement with the Court's legal conclusion in his case, namely, that Petitioner's effort to obtain relief from his criminal judgment must be preceded by authorization from the Fourth Circuit before he may proceed with a successive motion under § 2255.

As this Court has explained, the Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

There is again no evidence that Petitioner has obtained the necessary authorization from the Fourth Circuit to file the instant motion. The Court is therefore without jurisdiction to consider the merits, if any, of the present motion. See, e.g, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); Winestock, 340 F.3d at 205. For the foregoing reasons, Petitioner's Section 2255 motion will be dismissed without prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion be **DISMISSED** without prejudice as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

Signed: April 16, 2014

Richard L. Voorhees
United States District Judge