IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:97-CR-00001-KDB

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SEAN LAMONT DUDLEY,<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant's *pro se* motions for compassionate release. (Doc. Nos. 205, 206, 208). Defendant seeks to be released from the Bureau of Prisons (BOP) or placed in home confinement so that he can obtain treatment for his medical conditions. For the reasons set forth below, the Court will deny Defendant's motions.

Defendant has filed three motions requesting compassionate release with this Court since April 13, 2020. In his motions, Defendant alleges that he is not getting adequate treatment for his degenerative disc disease and severe scoliosis while in BOP custody. (Doc. No. 205, at 3-4). He also asserts that his medical conditions put him at a higher risk for contracting COVID-19 and that the pandemic will only further delay proper medical treatment for his conditions. (Doc. No. 208, at 4).

Section 603(b) of the First Step Act amended Section 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of the BOP. Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on the inmate's behalf; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier. If

1

a defendant fails to first seek relief from the BOP, a district court is without authority to consider the merits of his claim. *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020).

Here, Defendant claims that he has exhausted his remedies under Section 3582(c)(1)(A) and that the Court may consider the merits of his claim. (Doc. Nos. 205, at 2; 205-1, at 1-5; 206, at 1; 208, at 2). In his first motion filed on April 13, 2020, Defendant attached letters from the warden, the regional director, and the national inmate appeals administrator denying Defendant's request to be placed into the Orthopedic/Rheumatology Chronic Care Clinic. (Doc. No. 205-1, at 1-6). Defendant claims that the letters show that he has exhausted his remedies with the BOP. However, the request that prompted the letters was not a request for compassionate release, and therefore these letters are not evidence that Defendant has exhausted his remedies under Section 3582(c)(1)(A).

In his later motions, Defendant asserts that his request for compassionate release was denied based on "recidivism," which Defendant argues is an improper reason to reject a compassionate release request. (Doc. No. 206, at 3). However, because Defendant has not attached any letters documenting his request for compassionate release or any subsequent denials, the Court is unable to verify whether Defendant has exhausted his remedies as required under Section 3582(c)(1)(A). Therefore, the Court will deny Defendant's request for compassionate release without prejudice so that Defendant may file another motion attaching his request for compassionate release and any denials of that request. Defendant is reminded that even if his request for compassionate release is denied by the warden, he must exhaust his administrative rights to appeal the warden's decision before seeking relief from this Court.

To the extent Defendant is seeking relief under the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020, his motion is denied. In response to the COVID-19 pandemic, the

President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat. 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle*, 740 F. App'x 364, 365 (4th Cir. 2018) (noting that a district court lacks authority to govern designation of prisoners under Section 3624(c)(2)).

Further, to the extent Defendant is requesting the Court to order that he receive certain medical treatment while in the BOP, his request is denied. Defendant's claims regarding the conditions of confinement are best presented in a civil rights action, not in a motion for compassionate release. *See Muhammed v. Close*, 540 U.S. 749, 750 (2004).

**IT IS THEREFORE ORDERED** that Defendant's motions for compassionate release, (Doc. Nos. 205, 206, 208) are **DENIED** without prejudice.

The Clerk is directed to certify copies of this Order to the Defendant, the Federal Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

**SO ORDERED.**

Signed: May 15, 2020

Kenneth D. Bell
United States District Judge