# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:97-CR-00001-KDB

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | **ORDER** |
| **SEAN LAMONT DUDLEY,** | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Sean Lamont Dudley's *pro se* "Petition for Compassionate Release." (Doc. No. 214). This is now Defendant's seventh filing with the Court asserting the same general complaints and requesting compassionate release. (Doc. Nos. 205, 206, 208, 210, 211, 212, 214).

In his most recent filing, Defendant contends that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) should be waived. A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the Bureau of Prisons (BOP) to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The majority of courts treat the exhaustion requirement as a case processing rule, *see, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases), noting that it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions, *see United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). These exceptions to the exhaustion requirement include "where it would be futile, either because the agency

decisionmakers are biased or because the agency has already determined the issue, . . . where the administrative process would be incapable of granting adequate relief, . . . [or] where pursuing agency review would subject plaintiffs to undue prejudice." *Zukerman*, 2020 WL 1659880, at *3 (citing *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019)). It is Defendant's burden to show that he has exhausted his remedies or that exhaustion would be futile. *See, e.g.*, *United States v. Bolino*, No. 06-cr-0806 (BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (requiring defendant to prove that the exhaustion requirement has been met).

Defendant asserts that exhausting his remedies would be prejudicial and futile because his health is deteriorating rapidly, and the BOP is refusing to provide him with the treatment he claims he needs for his scoliosis. *See* (Doc. No. 214, at 2-3); *see also* (Doc. No. 11: Presentence Report, at ¶ 48) (reporting to probation that he suffers from scoliosis). Defendant points to COVID-19 as a reason for the Court to grant him compassionate release, arguing that COVID-19 is delaying any proper treatment he should be receiving from BOP.

The Court finds that Defendant has not met his burden of showing that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) should be excused. While Defendant may have health concerns, there is nothing in his motions to show that requiring him to exhaust his administrative remedies within the BOP before petitioning this Court would result in any "catastrophic health consequences" or unduly prejudice Defendant. *See United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *7 (M.D. Pa. June 23, 2020) (finding the defendant did "not demonstrate any 'catastrophic health consequences' to make exhaustion futile or show that he could be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP").

The Court has previously addressed the other requests in Defendant's motion. Defendant presents no new evidence that would change the Court's prior rulings.

**IT IS THEREFORE ORDERED** that Defendant's *pro se* "Petition for Compassionate Release 18 U.S.C. § 3582(c)(1)(A)," (Doc. No. 214), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: July 14, 2020

Kenneth D. Bell
United States District Judge