IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:97-CR-00001-KDB-1

| USA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SEAN LAMONT DUDLEY | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Sean Lamont Dudley's *pro se* motion challenging conditions of incarceration pursuant to 18 U.S.C. § 4042(a)(2). (Doc. No. 216).

To the extent that Defendant wishes to raise a claim that prison officials' deliberate indifference to his medical needs has resulted in an independent violation of his Eighth Amendment rights, he would need to do so in a lawsuit brought pursuant to *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). A civil rights action under *Bivens* will not result in Defendant's immediate release, but rather is a private action for damages against federal officials alleged to have violated a citizen's constitutional rights. Therefore, to the extent Defendant is challenging the execution of his confinement and seeks immediate release from custody due to alleged Eighth Amendment violations, he should file a petition seeking habeas corpus relief under § 2241. That petition must be filed in the district of confinement. *See generally United States v. Little,* 392 F.3d

671, 679 (4th Cir. 2004) (holding that the district court in which the defendant filed his § 2241 was not the proper venue because it was not the district of confinement).[1]

**IT IS, THEREFORE, ORDERED**, that the Defendant's *pro se* motion challenging conditions of incarceration pursuant to 18 U.S.C. § 4042(a)(2), (Doc. No. 216), is **DENIED.**

**SO ORDERED.**

Signed: July 13, 2021

Kenneth D. Bell
United States District Judge

---

[1] Defendant is confined at FCI Ashland, which is located in the Eastern District of Kentucky.