# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CRIMINAL ACTION NO. 5:97-CR-00001-KDB

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **ORDER** |
| **SEAN LAMONT DUDLEY,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's Motion for Reconsideration of this Court's June 11, 2021 Order. (Doc. No. 224).

On June 11, 2021, this Court entered an order denying Defendant's motion for compassionate release for failure to exhibit extraordinary and compelling reasons justifying release. The Court interpreted Defendant's motion as requesting compassionate release on COVID-19 grounds, which he had done multiple times before. The Court denied the motion because Defendant had received the COVID-19 vaccine. Defendant then moved for reconsideration on June 21, 2021, arguing that the Court did not address his arguments under *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). Specifically, Defendant argues that if he were sentenced today, (1) his prior New Jersey conviction would not qualify as a "serious drug felony" and would no longer be subject to the § 851 enhancement, and (2) he would no longer be considered a career offender under *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019).

Defendant cites to the Fourth Circuit's recent decision in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), for the proposition that the Court can consider these subsequent changes in the law as extraordinary and compelling reasons justifying release. While Defendant is correct that

the Court may consider these (and many other circumstances) extraordinary and compelling reasons under § 3582, the Court finds that there are no such reasons presented in this case. First, Defendant is correct that his prior New Jersey conviction would not qualify as a "serious drug felony" today. However, the First Step Act's amendment to 21 U.S.C. § 851 apply to "any offense that was committed before the date of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Thus, the provision has not been made retroactive. Furthermore, even if Defendant were sentenced today, the Government could use Defendant's prior Maryland conviction of Robbery with a Deadly Weapon as a "serious violent felony" as an § 851 predicate.

Second, Defendant would still be considered a career offender if sentenced today. In *Norman*, the Fourth Circuit held that § 846 offenses do not qualify as a generic conspiracy under the career offender guideline of Section 4B1.2(b), thus a § 846 conspiracy does not qualify as a "controlled substance offense" under the Sentencing Guidelines. While Defendant was convicted on one count of Conspiracy to Possess with Intent to Distribute Cocaine in violation of § 846, he was also convicted of Possession with Intent to Distribute Cocaine and Aiding and Abetting. Consequently, he would still qualify as a career offender based on his possession conviction. Furthermore, his predicate offenses of Distribution of Cocaine and Robbery with a Deadly Weapon appear to still qualify as predicate offenses.

Because the Court has found that Defendant has failed to show extraordinary and compelling reasons warranting his release, it need not discuss the § 3553(a) factors.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration of this Court's June 11, 2021 Order, (Doc. No. 224), is **DENIED.**

**SO ORDERED.**

Signed: August 16, 2021

Kenneth D. Bell
United States District Judge