# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:97-CR-00001-KDB

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | ) **ORDER** |
| SEAN LAMONT DUDLEY, | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on Defendant's *pro se* motion requesting a sentence modification under Amendment 782 to the Sentencing Guidelines (Doc. No. 240).

Defendant pled guilty on July 11, 1997, to violations of 21 U.S.C. §§846, 841 and 18 U.S.C. § 2. (Doc. No. 50). At sentencing on February 23, 1998, the Court determined that the Defendant had a total offense level of 37, with a criminal history category of six (VI). (*See* Doc. Nos. 67, 109). Consequently, Defendant was sentenced as a Career Offender to a term of 360 months. *Id.*

## I. Amendment 782

Defendant seeks modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines (USSG). However, Amendment 782 results in no change in Defendant's guideline calculations due to his status as a Career Offender. (*See* Doc. Nos. 67, 109). The Court sentenced Defendant as a Career Offender pursuant to USSG §4B1.1, and thus Amendment 782, which revised the guidelines applicable to drug offenses, does not impact the Defendant's guideline range. Hence, a reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 is not appropriate.

1

## II. Status as a Career Offender

Defendant's argument that he is no longer a Career offender under *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019) is mistaken. As this Court previously ruled, which was upheld on appeal, Defendant would still be considered a Career Offender if sentenced today. (*See* Doc. Nos. 229, 237). In *Norman*, the Fourth Circuit held that § 846 offenses do not qualify as a generic conspiracy under the career offender guideline of USSG § 4B1.2(b), thus a § 846 conspiracy does not qualify as a "controlled substance offense" under the Sentencing Guidelines. While Defendant was convicted on one count of Conspiracy to Possess with Intent to Distribute Cocaine in violation of § 846, he was also convicted of Possession with Intent to Distribute Cocaine and Aiding and Abetting. Therefore, he would still qualify as a Career Offender based on his possession conviction. Furthermore, his predicate offenses of Distribution of Cocaine and Robbery with a Deadly Weapon appear to still qualify as predicate offenses.

**IT IS THEREFORE ORDERED** that Defendant's motion requesting a sentence modification pursuant to Amendment 782 to the Sentencing Guidelines (Doc. No. 240) is **DENIED.**

Signed: April 5, 2022

Kenneth D. Bell
United States District Judge