IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:97-CR-00001-KDB

UNITED STATES OF AMERICA,

v.

SEAN LAMONT DUDLEY,

Defendant.

**ORDER**

**THIS MATTER IS BEFORE THE COURT** on the most recent *pro se* Motion of Sean Lamont Dudley, easily the most litigious defendant to ever appear before this Court. (*See* related cases 5:19-cv-00046-FDW; 5:19-cv-00152-KDB; 5:17-cv-00127-FDW; 5:18-cv-00173-FDW; 5:19-cv-00110-KDB; 5:13-cv-00132-RLV; 5:13-cv-00161-RLV; 5:14-cv-00028-RLV; 5:14-cv-00043-RLV; 5:14-cv-00057-RLV; 5:14-cv-00104-RLV).[1] This Motion seeks reconsideration of the Court's denial for modification of his sentence under Amendment 782 to the United States Sentencing Guidelines. (Doc. No. 242) ("Motion"). For the reasons discussed below, the Court will **DENY** the Motion and confirm, yet again, his status as a Career Offender.

Defendant pled guilty on July 11, 1997, to violations of 21 U.S.C. §§846, 841 and 18 U.S.C. § 2. (Doc. No. 50). At sentencing on February 23, 1998, the Court determined that the Defendant had a total offense level of 37, with a criminal history category of six (VI). (*See* Doc. Nos. 67, 109). Consequently, Defendant was sentenced as a Career Offender to a term of 360 months. *Id*.

---

[1] Defendant's Fourth Circuit case numbers: 09-187 4th Circuit (T); 13-7906 4th Circuit (T); 14-6986 4th Circuit (T); 17-7192 4th Circuit (T); 18-7536 4th Circuit (T); 19-6793 4th Circuit (T); 21-7251 4th Circuit; 21-7301 4th Circuit.

The Defendant's latest theory is that he should not be considered a career offender because he only pled guilty to aiding and abetting the distribution of cocaine and not possession with intent to distribute cocaine. However, the record is devoid of any support for this argument. The Judgment of the Court reflects a sentence based upon an acceptance of a guilty plea for the entirety of Count Two, which charged both possession with intent to distribute cocaine and aiding and abetting the distribution of cocaine. (Doc. Nos. 22, 67). Nothing in the record even hints at the possibility that the Defendant qualified his guilty plea in anyway and the Court will not adopt Defendant's fanciful argument that he did, or more accurately, may have. Accordingly, the Court will deny the Motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion for reconsideration (Doc. No. 242) is **DENIED.**

Signed: August 19, 2022

Kenneth D. Bell
United States District Judge